**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4481**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TIMOTHY ARAZIL CLEVELAND,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:14-cr-00784-HMH-1)

Submitted:  February 23, 2016      Decided:  February 25, 2016

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender,
Greenville, South Carolina, for Appellant.  Elizabeth Jean
Howard, Assistant United States Attorney, Greenville, South
Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Arazil Cleveland pled guilty to bank robbery, in violation of 18 U.S.C. § 2113 (2012). He received a within-Guidelines sentence of 57 months' imprisonment. On appeal, Cleveland's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in calculating Cleveland's criminal history points. Cleveland has filed a pro se brief raising the same issue. The Government declined to file a response.

We review Cleveland's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on facts that were not clearly erroneous, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into

2

account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014); United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Louthian, 756 F.3d at 306.

Because Cleveland did not object below to the calculation of his criminal history points, our review is limited to plain error. United States v. Hamilton, 701 F.3d 404, 410 (4th Cir. 2012). To establish plain error, a defendant must show that "(1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and alteration omitted). We conclude that the district court did not err in assessing the disputed criminal history points. See U.S. Sentencing Guidelines Manual § 4A1.1(e) (2014) (directing that one point be added for each prior sentence resulting from a conviction of a crime of violence that did not receive points under USSG § 4A1.1(a) because such sentence was treated as a single sentence).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We

3

therefore affirm the amended judgment. This court requires that counsel inform Cleveland, in writing, of the right to petition the Supreme Court of the United States for further review. If Cleveland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cleveland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>